## HANNAH CURRIER, Appellant, &c.

Where a man dies *testate* and *solvent*, and his widow waives her rights undei the will, she is not entitled to an allowance by the judge of probate, of a portion of the personal estate of the deceased.

THE appellant presented a petition to the judge of probate, pursuant to *St.* 1805, *c.* 90, § 2, representing that the real estate of her husband was appraised at his decease at 22,984 dollars, and his personal estate at 5,197 dollars, and praying an allowance of such necessaries out of the personal estate of the deceased as should seem reasonable. The petitioner had waived the provision made for her in the will of her husband. The judge of probate decreed that she should have no allowance for necessaries, beside her apparel, out of the personal estate, her husband having died testate and his estate not appearing to be insolvent.[2] And upon an appeal to this Court the decree was affirmed.

*November sittings,*

*Cummins*, for the appellant, referred to *Prov. St.* 9 *Anne*, *c.* 2, (Anc. Chart. 390) ; *St.* 1783, *c.* 24, § 8 ; *St.* 1805, *c.* 90, § 2 ; *St.* 1816, *c.* 95, § 1.

*Moseley, contrà.*

---

[2] Under the Revised Statutes it is required, that executors and administrators shall omit to inventory such provisions and other articles as shall be necessary for the sustenance of the widow, if any, and also of the family of the deceased, for forty days after his death, together with such further necessaries as the judge shall order to be allowed to the widow for the use of herself and the minor children, if any, under her care; and this, notwithstanding the widow may have received the provision made for her by the will. Revised Stat. *c.* 65, § 4, 6.